IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDEX FREIGHT,<br><br>    Defendant. | CV 23-27-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

  Pending before the Court is Defendant FedEx Freight's Rule 41(b) Motion for Dismissal. (Doc. 19.) Defendant filed a brief in support of its motion (Doc. 20), but Plaintiff James Smith did not file a response brief.

  On February 23, 2024, the Court ordered Smith to appear in writing on or before March 8, 2024, to show cause as to why this case should not be dismissed for failure to prosecute or to comply with the Court's orders pursuant to Rule 41(b). (Doc. 22.) The Court cautioned Smith that failure to respond would result in a Recommendation that this case by dismissed. To date, Smith has not complied with the Court's February 23 Order To Show Cause.

  For the following reasons, the Court recommends that Defendant's Motion for Dismissal be **GRANTED** in part and **DENIED** in part.

///

1

I.   **BACKGROUND**

This action was originally brought by Smith in the Montana Thirteenth Judicial District Court, Yellowstone County (DV 23-194), on February 23, 2023. (Doc. 3.)  In his Complaint, Smith alleged that FedEx Freight ("FedEx") wrongfully discharged him from employment, and sought damages in the form of "back wages from 11-14-2022." (Doc. 3 at 1–2.)  Smith's Complaint otherwise contained scant facts regarding the circumstances of his termination.  FedEx timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1.)

FedEx filed its Answer to the Complaint on March 24, 2023, denying Smith's allegations.  (Doc. 5.)  The following day, the Court issued an Order Setting Preliminary Pretrial Conference and Associated Deadlines ("Preliminary Pretrial Conference Order").  (Doc. 7.)  The Order stated that the parties were to (1) meet and confer to develop a joint discovery plan by April 27, 2023, (2) file that plan by May 11, 2023, and (3) each file a preliminary pretrial statement by May 11, 2023.  (*Id.* at 2–3.)  The Court further ordered Smith to file a statement of stipulated facts to which all parties agreed by May 11, 2023.  (*Id.* at 3.)

Smith filed neither a preliminary pretrial statement nor a statement of stipulated facts.  For its part, FedEx filed a proposed discovery plan but represented that it had "attempted to work with Plaintiff to arrive at a Discovery

2

Plan and to discuss uncontested facts," but that "Plaintiff did not respond to emails or phone calls." (Doc 14 at 1.)

On May 18, 2023, the Court held a preliminary pretrial conference with both parties present. (*See* Docs. 17, 18.) That day, the Court issued a Scheduling Order directing Smith to file his preliminary pretrial statement and statement of stipulated facts by June 23, 2023. (Doc. 18 at 1.) Smith did not comply with the Court's Order.

On September 1, 2023, FedEx filed the motion that is now before the Court. In support of its motion, FedEx states that, following the May 18 preliminary pretrial conference, Smith failed to submit his initial disclosures to FedEx as ordered by the Court in its Scheduling Order. (Doc. 20 at 2; *see also* Doc. 18 at 1.) FedEx further contends that Smith "has also not returned any of the telephone calls from Counsel to attempt to complete the required discovery plan and to discuss the possibility of dismissal of the case." (Doc. 20 at 2.) Accordingly, FedEx moves "to dismiss the Complaint pursuant to Rule 41(b) due to Plaintiff's failure to prosecute and comply with the Court's orders." (*Id.* at 7.)

## II. DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure provides a mechanism whereby "a defendant may move to dismiss the action or any claim against it"

///

when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

The Ninth Circuit has held that district courts must weigh five factors when determining whether to dismiss a claim pursuant to Rule 41(b) for failure to prosecute or comply with a court order: first, "the public's interest in expeditious resolution of litigation"; second, "the court's need to manage its docket"; third, "the risk of prejudice to defendants/respondents"; fourth, "the public policy favoring disposition of cases on their merits"; and finally, "the availability of less drastic alternatives." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

A.   **Public Interest in Expeditious Resolution of Litigation**

In analyzing whether the first factor favors dismissal, "the court must find unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). With that said, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990)).

Here, Smith filed his Complaint in state court more than one year ago. (*See* Doc. 3.) Since the removal of this action to this Court in March 2023, Smith has filed nothing further, even when ordered by the Court to do so. Even with the present motion pending, Smith made no attempt to explain the reason for his delay

4

or his failure to comply with the Court's Scheduling Order. Further, the Court gave Smith an opportunity to show cause, but again, he took no action.

Therefore, the delay caused by Smith's failure to prosecute his case is clearly unreasonable, and this factor weighs in favor of dismissal.

### B.     The Court's Need To Manage Its Docket

In analyzing the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.

Here, Smith's Complaint "has consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Further, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants" like Smith. *Id.*

Therefore, the Court finds this second factor also weighs in favor of dismissal.

### C.     Risk of Prejudice to Defendant

In analyzing the third factor, courts must determine whether the defendant has "establish[ed] that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. For example, courts should consider the extent that unnecessary

/ / /

delay has "increase[d] the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.

Nevertheless, "[t]he law presumes injury from unreasonable delay." *Eisen*, 31 F.3d at 1452; *see also Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (acknowledging that "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system," but stating that such prejudice must not be "compounded by 'unreasonable' delays"). The plaintiff may rebut this presumption of injury, however, by showing that no actual prejudice occurred. *Eisen*, 31 F.3d at 1452–53.

Here, FedEx contends it has been prejudiced by Smith's failures to act. FedEx argues it has wasted time, money, and effort attempting to get Smith to cooperate and move the case along, such as in calling to persuade him to comply with the Preliminary Pretrial Conference Order and, subsequently, the Scheduling Order. (Doc. 20 at 5.) FedEx also points out that it "wasted significant time to prepare for and travel to the Preliminary Pretrial Conference with the Court despite Plaintiff's failure to be prepared, to have provided the pre-trial submissions, and failure to confer with Counsel to reach agreement on pre-trial matters." (*Id.*)

Because the Court has already determined that Smith's failure to prosecute and failure to comply with the Court's orders have caused unreasonable delay, FedEx is entitled to a presumption that this delay caused it to suffer prejudice.

6

Smith had an opportunity to rebut this presumption by showing that no actual prejudice occurred, but did not file a response to FedEx's motion, nor did he comply with the Court's Order To Show Cause.

Therefore, the Court finds this third factor also weighs in favor of dismissal.

### D. Public Policy Favoring Disposition of Cases on Their Merits

In analyzing the fourth factor, courts should consider that "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This consideration, however, can be outweighed by other factors supporting dismissal of the action. *See Yourish*, 191 F.3d at 992 (four factors supporting dismissal outweigh one against); *Pagtalunan*, 291 F.3d at 643 (three factors outweigh two).

Here, even if the Court were to deny FedEx's motion, it is not at all certain that this case would ever be disposed of on its merits, given Smith's apparent disinterest in pursuing a resolution to his action. Nevertheless, the Court recognizes that public policy weighs against dismissal at this stage.

Therefore, the Court finds this factor weighs against granting FedEx's motion.

/ / /

/ / /

/ / /

/ / /

### E.   Availability of Less Drastic Alternatives

In analyzing the fifth and final factor, courts must consider alternative sanctions such as granting "further amended complaints, allowing additional time, or insisting that [the plaintiff] associate experienced counsel." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Courts should be "reluctant to impose the ultimate sanction of dismissal with prejudice," *Schmidt v. Herrmann*, 614 F.2d 1221, 1223–24 (9th Cir. 1980), except when "aggravated circumstances" make such a sanction appropriate, *Nevijel*, 651 F.2d at 674.

Here, FedEx argues that less drastic alternatives to dismissal would only further waste the Court's resources.  FedEx points out that Smith already received a second chance when he initially failed to comply with the Court's Preliminary Pretrial Conference Order directing him to file a preliminary pretrial statement and a statement of stipulated facts.  (Doc. 20 at 6.)  Even when given this opportunity, Smith failed to comply with the same directives in the Court's Scheduling Order. In addition, the Court notes that Smith had the opportunity to ask for alternative sanctions in response to FedEx's motion, but did not argue for them.

Therefore, the Court finds this final factor weighs in favor of dismissal. Having analyzed the factors as propounded by the Ninth Circuit, with four factors weighing in favor of dismissal and only one factor weighing against it, the Court recommends that FedEx's motion for dismissal be GRANTED.

The Court recognizes, however, that dismissal without prejudice presents a less drastic alternative to the "harsh" sanction of dismissal with prejudice. *See Yourish*, 191 F.3d at 992. Accordingly, the Court recommends that Smith's Complaint be dismissed without prejudice to refile a new action at a later date. Because FedEx seeks dismissal with prejudice (*see* Doc. 19), the Court recommends that FedEx's motion be DENIED in part.

Smith is advised, however, that "[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Cozzitorto v. W. Pac. Hous., Inc.*, 2006 WL 8459994, at *2 (N.D. Cal. Aug. 2, 2006) (quoting *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983)) (internal quotation marks omitted).

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that FedEx's Rule 41(b) Motion for Dismissal (Doc. 19) be **GRANTED** in part and **DENIED** in part and that Smith's Complaint (Doc. 3) be **DISMISSED** without prejudice.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 12th day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge